IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CARRIE DAVIDSON, Power of Attorney )
for LYNN IKER, )
)
          Plaintiff, )
)
v. )    Case No. CIV-10-84-D
)
DUNCAN REGIONAL HOSPITAL, )
)
          Defendant. )

## **O R D E R**

This matter comes before the Court upon various filings made in response to the Order of
February 8, 2010 [Doc. No. 9], which directed Lynn Iker to file a pleading signed personally or by
a licensed attorney.[1] The various filings are in the form of letters to the Court and the Clerk of Court
and papers entitled, "Petition to File Lawsuit" and "Petition to Object to Change of Venue." None
of these papers complies with the Federal Rules of Procedure or the Local Civil Rules. Of particular
concern to the Court, Plaintiff was ordered to file a pleading, which under Rule 8(a) must contain
"a short plain statement of the claim showing that the pleader is entitled to relief" and "a demand
for the relief sought." *See* Fed. R. Civ. P. 8(a)(2)-(3). A particular form of pleading is required,
including a caption and numbered paragraphs. *See* Fed. R. Civ. P. 10. If Plaintiff also wishes to
request a court order, the request must be made by a motion. *See* Fed. R. Civ. P. 7(b). All filings
must be served on other parties and a certificate of service is required. *See* Fed. R. Civ. P. 5. The
Court also has local rules regarding the format of papers presented for filing (LCvR5.2) and proof
of service (LCvR5.4).

---

[1] The case was commenced by a pleading signed by Carrie Davidson, who is a non-lawyer purporting
to act on behalf of Ms. Iker under a durable power of attorney.

Although Ms. Iker is a *pro se* litigant whose pleadings are held to a less stringent standard than ones drafted by lawyers, this Court may properly insist that she "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)). Copies of the Federal Rules of Civil Procedure are available in any law library and copies of the Court's local rules are available from the Court Clerk's office.

IT IS THEREFORE ORDERED that Plaintiff's *pro se* filings are stricken from the case record and will be disregarded. However, Plaintiff will be given one more opportunity to comply with the Order of February 8, 2010. Specifically, Plaintiff shall file not later than April 5, 2010, a pleading signed by Lynn Iker or a licensed attorney appearing on her behalf, in conformity with the procedural rules discussed herein. Failure to comply with the requirements of this Order and this Court's February 8, 2010 Order will result in the dismissal of this action without prejudice to refiling.

IT IS SO ORDERED this 24th day of March, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE